**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| THE PEOPLE OF THE UNITED STATES FOR THE USE OF MICHAEL E. POWELL, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | Case No. 2:23-cv-2137 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| ADAM A. KNOWLES, | : | Magistrate Judge Deavers |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 3). For the reasons set forth below, Defendant's Motion is **GRANTED**.

## I.   BACKGROUND

Plaintiff, "the People of the United States for the Use of Michael E. Powell," brings this action against Ohio State Highway Patrol Trooper Adam A. Knowles, alleging "[d]eprivation of rights, including, but not limited to human rights, the right to free movement, the right to be secure from unreasonable search and siezure [*sic*], and without due process, private property being taken for public use, without just compensation." (ECF No. 1 at 6). Plaintiff brings this action under two criminal statutes: 18 U.S.C. §§ 241 and 242. Defendant properly filed a Motion to Dismiss (ECF No. 3), to which Plaintiff failed to respond timely. The United States Magistrate Judge issued a Show Cause Order (ECF No. 5) to Plaintiff to show cause why the Court should allow Plaintiff to file an untimely memorandum in opposition to the Motion to Dismiss, to which Plaintiff never responded. The matter is now ripe for review.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) operates to evaluate the sufficiency of the complaint, and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Accordingly, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). Although the court's primary focus should be on the allegations in the complaint, the court may also consider "any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (internal quotations omitted) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). And though the court "must accept all well-pleaded factual allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

### III.  LAW & ANALYSIS

Federal law permits a party to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Plaintiffs, however, are "not permit[ted] to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman,* 313 F.3d 963, 970 (6th Cir. 2002). In other words, "a nonlawyer can't handle a case on behalf of anyone except himself." *Zanecki v. Health All. Plan of Detroit,* 576 Fed. Appx. 594, 595 (6th Cir. 2014) (internal quotations omitted). Indeed, "courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664-65 (9th Cir. 2008) (collecting cases). Thus, courts have barred *pro se* plaintiffs from bringing *qui tam* actions on behalf of the United States Government, *Stoner et al. v. Santa Clara County Office of Education, et al.,* 502 F.3d 1116, 1126-27 (9th Cir. 2001), *pro se* prisoners from maintaining class actions, *Damron v. Sims,* No. 2:09-CV-50, 2010 WL 2671277, at *1 (S.D. Ohio June 30, 2010), and *pro se* plaintiffs from representing corporations, *Tal v. Hogan,* 453 F.3d 1244, 1254 (10th Cir. 2006). The rule barring *pro se* plaintiffs from bringing causes of action on behalf of others is designed to "protect[] the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Zanecki,* 576 Fed. Appx. at 595 (internal quotations omitted). As a threshold matter in this case, Plaintiff attempts to bring his claims on behalf of "the People of the United States." Accordingly, in line with the holdings in *Zanecki*, *Simon*, *Stoner*, *Damron*, and *Tal*, Plaintiff's claim is barred on this point alone.

Assuming *arguendo* that Plaintiff properly brought this claim on behalf of himself, the Complaint still falls below the applicable standard. According to 28 U.S.C. § 1915(e)(2), a case can be dismissed if an action or appeal is either frivolous or fails to state a claim. A complaint is frivolous "where it lacks an arguable basis in law or in fact, including fanciful allegations." *Neitzke*

*v. Williams*, 490 U.S. 319, 324 (1989). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action ...." *Id.* The role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). In sum, "[b]asic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). Throughout the Complaint here, Plaintiff does not provide an arguable basis in law or in fact for the presented claims. Plaintiff's Complaint merely recites legal standards and vaguely alleges damages without elaboration, analysis, or factual statements to underpin his allegations. Accordingly, Plaintiff's Complaint is frivolous per the *Neitzke* standard, and is thus barred by 28 U.S.C. § 1915(e).

Plaintiff's Complaint fails to state a claim upon which relief can be granted, as it recites legal standards and asserts legal conclusions without providing sufficient factual basis to establish facial plausibility; Plaintiff's Complaint is also frivolous, lacking an arguable basis in law and fact. Finally, Plaintiff's claim cannot proceed because Plaintiff brings this action under the criminal statutes 18 U.S.C. § 241 and 18 U.S.C. § 242. As a private citizen, Plaintiff cannot sue under criminal statutes. *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003). As a result, Plaintiff has no private right of action to bring these claims. Indeed, "[w]here a plaintiff has no private right of action, a plaintiff has not stated a claim upon which relief can be granted." *Kafele v. Frank & Woolridge Co.*, 108 F. App'x. 307, 308–09 (6th Cir. 2004). Accordingly, any claims brought under criminal statutes must be dismissed. *Clark v. Littler Mendelson PC*, No. 2:23-cv-4205, 2024 WL 278164, at *2 (S.D. Ohio Jan. 25, 2024).

## IV.    CONCLUSION

For the reasons discussed above, Defendant Ohio State Highway Patrol Trooper Adam A.

Knowles's Motion to Dismiss (ECF No. 3) is **GRANTED**.  This case is hereby DISMISSED.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**


**DATED:  March 18, 2024**